**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Francesco VERSAGLIO, Defendant–**
**Appellant–Cross–Appellee.**

**Nos. 509, 942, Docket 95–1238, 95–1263.**

United States Court of Appeals,
Second Circuit.

Submitted June 13, 1996.

Decided Sept. 25, 1996.

Before: NEWMAN, Chief Judge, and OAKES and CABRANES, Circuit Judges.

## PETITION FOR REHEARING

JON O. NEWMAN, Chief Judge:

Francesco Versaglio seeks rehearing of the decision rendered June 3, 1996. That decision ruled in appellant's favor on the issue of whether payment of a fine imposed for the offense of criminal contempt precluded imposition of a prison sentence. *See United States v. Versaglio*, 85 F.3d 943, 945–48 (2d Cir.1996) (*"Versaglio I"*). The decision remanded to the District Court to afford Judge Korman an opportunity to consider increasing the amount of the fine previously imposed. *Id.* at 948–49. The decision also ruled, on the Government's cross-appeal, that in reconsidering the amount of the fine, the District Court should deem the applicable sentencing guideline for a criminal contempt involving willful refusal to testify to be U.S.S.G. § 2J1.2(c) (obstruction of justice), rather than *id.* § 2X4.1 (misprision of felony). *Versaglio I*, 85 F.3d at 949. Versaglio's rehearing petition concerns only the ruling as to the applicable guideline.

The day after *Versaglio I* was filed, another panel of this Court rendered a decision in *United States v. Cefalu*, 85 F.3d 964 (2d Cir.1996), affirming, on facts indistinguishable from Versaglio's case, Judge Korman's decision to apply the misprision guideline to a criminal contempt involving a witness's refusal to testify. Though the decision in *Versaglio I* was filed before *Cefalu*, we do not regard the earlier decision as necessarily establishing the law of the Circuit on an issue on which two panels, apparently unaware of the pendency of a common issue, resolve the issue differently in decisions filed on consecutive days.

Both panels have given further consideration to the issue, alerted by Versaglio's petition for rehearing in the instant matter and by the Government's petition for rehearing in *Cefalu*. Upon reflection, we have decided to grant Versaglio's petition and, in his case, affirm on the Government's cross-appeal. We will therefore modify our opinion in *Versaglio I* by deleting the three paragraphs of part IV, *Versaglio I*, 85 F.3d at 949, and substituting the following:

Though the Government offers plausible reasons why the obstruction guideline is more appropriate than the misprision guideline for contempts involving a witness's refusal to testify, we conclude that Judge Korman was entitled to apply the misprision guideline in this case. Under the guideline for criminal contempt, U.S.S.G. § 2J1.1, the sentencing court is to apply the guideline for "other crimes," *id.* § 2X5.1. That guideline directs the sentencing judge to apply "the most analogous offense guideline." The sentencing judge's decision in making that selection could be viewed as either a determination of law as to which is the most analogous guideline or a somewhat discretionary decision as to how the contempt guideline is to be applied. How the Court's decision is characterized affects appellate review since a determination of law would be reviewed *de novo*, *United States v. Lagatta*, 50 F.3d 125, 127 (2d Cir.1995), while an "application of the guidelines to the facts" is to be given "due deference," 18 U.S.C. § 3742(e)(4).

Many guideline decisions made by sentencing judges cannot be neatly categorized as involving either entirely issues of law or entirely application of a guideline to facts. In this instance, we agree with the panel in *United States v. Cefalu*, 85 F.3d 964, 968–70 (2d Cir.1996), that the sentencing judge's decision is predominantly an application of a guideline to the facts, a decision to which we should give due deference. According such deference, we affirm Judge Korman's decision to apply section 2X5.1 to the particular facts of this case by deeming the misprision guideline, section 2X4.1, to be "the most analogous offense guideline." *See Koon v. United States, —*

U.S. ——, ——, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996) (deference to departure decision based on assessment of all relevant facts).

Applying section 2X4.1, Judge Korman reduced the appropriate base offense level of 19 by three levels for acceptance of responsibility. At the resulting level of 16, the fine table specifies a maximum fine of $50,000. U.S.S.G. § 5E1.2(c)(3). On remand, the District Court may consider the appropriateness of revising the fine up to $50,000.

Though a petition for rehearing will not "ordinarily" be granted in the absence of a request for an answer, *see* Fed.R.App.P. 40(a), no answer is appropriate in this case because we have the benefit of the Government's views as set forth in its petition for rehearing in *Cefalu*. The appellant's petition for rehearing is granted to the extent set forth in this opinion.