# United States Court of Appeals
## For the First Circuit

No. 00-1640

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

ROBERT J. ROWE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and DiClerico[*], District Judge.

Stephen Hrones for appellant.
Mark J. Balthazard, Assistant United States Attorney, with whom
James B. Farmer, United States Attorney, was on brief for appellee.

October 18, 2001

---

[*]Honorable Joseph A. DiClerico, Jr., of the District of New Hampshire, sitting by designation.

**DICLERICO, District Judge.** The appellant, Robert Rowe, brings a third appeal from his conviction and sentence for bankruptcy fraud. See United States v. Rowe, 144 F.3d 15 (1st Cir. 1998) ("Rowe I"); United States v. Rowe, 202 F.3d 37 (1st Cir. 2000) ("Rowe II"). In the present appeal, Rowe contends that the district court erred in imposing a $10,000 fine and in ruling that the mandate in Rowe II precluded consideration of Rowe's motion to dismiss Count II of the indictment. For the reasons that follow, we affirm the decisions of the district court.

## Background[1]

Rowe filed a personal bankruptcy petition under chapter 7 of the Bankruptcy Code in September of 1992. As part of his bankruptcy proceeding, Rowe was obligated to file bankruptcy schedules listing specified assets. When asked in Schedule A to provide a description of real property in which he had an interest, Rowe answered "NONE," although he then owned, with his ex-wife, a house in Nahant, Massachusetts. In Schedule J, pertaining to current expenditures, Rowe listed one rent payment but omitted another.

In May of 1996, Rowe was indicted on three charges of bankruptcy fraud in violation of 18 U.S.C.A. § 152. Following an eleven-day trial, he was acquitted on Count I but was convicted on Counts II and III, which charged him with making false statements in

---

[1]Additional background information appears in Rowe I and Rowe II.

his bankruptcy schedules. He was sentenced to serve thirty-three months in prison and to pay a $100 special assessment. Neither restitution nor a fine was imposed. The sentence was stayed pending appeal.

On appeal, Rowe argued that the district court mishandled incidents involving two jurors. He also argued that the district court erred in not granting his motion for judgment of acquittal on Count III, in calculating the intended loss from his fraud, in imposing upward adjustments to his offense level, and in failing to put a juror's post-verdict communication in the record. We affirmed Rowe's conviction on Count II, reversed his conviction on Count III, vacated his sentence, and remanded for resentencing. See Rowe I, 144 F.3d at 23-24.

Before the resentencing proceeding was held, the United States Attorney's Office filed an ethical complaint with the Massachusetts Board of Bar Overseers against Rowe's counsel. The district court continued the resentencing proceeding while Rowe's counsel responded to the complaint. After the complaint was dismissed, Rowe's counsel argued that the complaint was brought in retaliation for his charges that a government agent had given perjured testimony at Rowe's trial. Rowe asked for an evidentiary hearing on his allegations of government misconduct. The district court denied his request for a hearing.

Resentencing occurred on November 12, 1998. Rowe was sentenced to eighteen months in prison and twenty-four months of supervised release. The court also imposed a $50 special assessment and a fine of $10,000. See Rowe II, 202 F.3d at 39-40.

Rowe again appealed, arguing that the district court erred in refusing to hold an evidentiary hearing on the issue of governmental misconduct, in determining the intended loss from his criminal conduct, and in increasing his base offense level for violating a judicial order or process and obstructing justice. He also contended that the fine imposed was vindictive. We affirmed the district court's decisions not to hold an evidentiary hearing and to increase the base offense level based on a finding that Rowe violated a judicial order or process. We concluded, however, that the district court erred in determining the amount of Rowe's intended loss and in imposing an obstruction of justice enhancement based on Rowe's testimony about his property interests. We did not address the question of the fine, noting that Rowe would have to be resentenced in any case, and we urged the district court to consider Rowe's arguments about the fine at that time. See Rowe II, 202 F.3d at 42, 43-44.

Rowe's sentence was vacated, and the case was remanded for further proceedings before a newly-assigned judge. On remand from Rowe II, Rowe filed a motion to dismiss Count II of the indictment, asserting that our decision in Rowe II, reversing the district court's

-4-

valuation of the intended loss in Count II, constituted a ruling that the property was worthless, thereby negating any intent to defraud. During argument on the motion, the district court construed the motion as one for a new trial. At the close of the hearing, the district court denied the motion on the ground that the mandate from Rowe II did not permit consideration of the issue raised.

The third sentencing was held on April 20, 2000. Rowe was sentenced to five years of probation, a fine of $10,000, and a special assessment of $50. The court adopted the factual findings and guideline application contained in the presentence report in its statement of reasons for the sentence.[2] Rowe did not object to any part of the sentence.

### Discussion

Rowe raises two issues on appeal. He argues that the court erred in imposing a fine of $10,000 in the absence of evidence that he was able to pay such a fine. He also argues that the district court erred in not considering his motion to dismiss. A. Fine

---

[2]The presentence report was prepared on April 2, 1997, before the original sentencing, held on May 16, 1997. The probation department supplemented the report, before the May 16 sentencing proceeding, with an addendum containing information based on an interview with the bankruptcy judge and responding to the government's objections. A supplemental addendum responded to the defendant's objections, which were submitted on May 8, 1997. The record indicates no further revisions or addenda to the report, which was subsequently used as the basis for resentencing before Judge Keeton on November 12, 1998, and again before Judge Young, on April 20, 2000.

Rowe did not object below to the imposition of the $10,000 fine by Judge Young but first raised his objection to the fine in this appeal.[3] As a result, the district court's decision is reviewable only for plain error. See Fed. R. Crim. P. 52(b); see also United States v. Peppe, 80 F.3d 19, 22 (1st Cir. 1996). "Review for plain error requires four showings: (1) that there was error; (2) that it was plain; (3) that the error affected substantial rights; and (4) that the error affected the fairness, integrity or public reputation of judicial proceedings." United States v. Terry, 240 F.3d 65, 73 (1st Cir. 2001) (quotation marks omitted).

"Deviation from a rule is 'error' unless the rule has been waived." United States v. Olano, 507 U.S. 725, 732-33 (1993). Rowe argues that the district court, in imposing the fine, failed to provide factual findings in support of the fine, as required by Federal Rule of Criminal Procedure 32(c)(1), 18 U.S.C.A. § 3572(a), and United States Sentencing Guidelines ("U.S.S.G.") § 5E1.2. Rowe also contends that the district court erred because no fine was imposed as part of his first sentence and the government presented no additional evidence at the subsequent sentencings to show that he was able to pay a fine.

A presumption exists that a fine will be imposed as part of a sentence, and the defendant bears the burden of showing that an

---

[3]Neither did Rowe object to the $10,000 fine imposed at the second sentencing proceeding, following Rowe I.

exception should be made in his case.  See U.S.S.G. § 5E1.2(a); <u>United States</u> v. <u>Merric</u>, 166 F.3d 406, 408 (1st Cir. 1999).  To meet his burden, a defendant must establish that it is more likely than not that he is both unable to pay a fine and will not be able to pay in the future.  <u>See</u> <u>United States</u> v. <u>Kadonsky</u>, 242 F.3d 516, 520 (3d Cir. 2001).  A defendant may rely on the information provided in the presentence report or he may make an independent evidentiary showing. <u>See</u> <u>id.</u> A present lack of assets or even a negative net worth will not preclude imposition of a fine unless a defendant also demonstrates that he lacks the ability to earn and to pay a fine in the future.  <u>See</u> <u>Peppe</u>, 80 F.3d at 23.

"When imposing a fine and its conditions, a district court must consider, <u>inter</u> <u>alia</u>, 'any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources' and 'the burden that the fine places on the defendant and his dependents relative to alternative punishments.'" <u>Peppe</u>, 80 F.3d at 22 (quoting U.S.S.G. § 5E1.2(d) and citing 18 U.S.C.A. § 3572(a)). Express findings about a defendant's financial condition are not necessary to support the imposition of a fine if the record is sufficient to permit appellate review.  <u>See</u> <u>Merric</u>, 166 F.3d at 408. As long as the record evidence supports a fine, the district court is

presumed to have considered the applicable statutory criteria. <u>See</u> <u>United States</u> v. <u>Saxena</u>, 229 F.3d 1, 11 (1st Cir. 2000).

Following <u>Rowe II</u>, Judge Young, in the third sentencing proceeding, adopted the presentence report in support of his decision to impose a $10,000 fine. Although the report was three years old and had not been revised or updated since May of 1997, Rowe did not object or indicate that the information was out of date. The report establishes that Rowe is college educated, that he has a strong work ethic, having been employed for most of his adult life doing residential and general contracting, construction and home design, and that he is in good health. He has usually held managerial or ownership roles in his undertakings, and he also possesses a real estate sales license that requires him to work under the authority of a broker.

His wife worked as a professional dance teacher until she was injured and has worked as a nanny since that time. Rowe has two daughters by his first marriage, one of whom was in college on a scholarship in 1997. His second wife has a daughter who was sixteen years old in 1997. The report shows that Rowe had a negative net worth and negative monthly cash flow.

The only additional potentially relevant information presented was the statement made by Rowe's counsel at the resentencing

proceeding, which was made in the context of arguing against a prison

sentence.[4]  Counsel argued:

> Bob Rowe has already suffered tremendously as
> a result of this matter.  He's been unemployed
> for a substantial period of time.  He's in debt
> now since his bankruptcy up to $110,000.  He's
> now working on, he just got a job on a commission
> basis, but he's seeing nothing out of that.  He
> has two kids in college.  His wife is here.  And
> friends.
>
> Your Honor, this is not a case that calls for
> incarceration in any way, your Honor.

United States v. Rowe, No. 96-10150-WGY, transcript, Apr. 20, 2000, at

36.  Rowe presented no evidence in support of his counsel's argument.


To the extent counsel's proffer is credited, it adds very

little to the financial picture presented in the presentence report.

The record demonstrates that Rowe had a negative net worth but that he

also had the ability to work and, in fact, was working.  Although his

commission job was not then producing income, it was reasonable to

expect Rowe would earn money and would be able to pay a fine.

The record also demonstrates that the district court

considered Rowe's financial condition.  Judge Young stated that he knew

---

[4]Rowe's lack of attention to the issue of his ability to pay a
fine, despite this court's mandate to the district court to consider
his arguments on the fine issue, along with his counsel's explanation
at oral argument that they concentrated their efforts on avoiding a
prison sentence rather than on avoiding a fine, suggest waiver.  See
Olano, 507 U.S. at 733.  Since we conclude that no error occurred,
however, we do not reach the issue of waiver.

Rowe had debts and realized that a fine would not be paid unless Rowe was able to pay. Judge Young's decision to waive interest on the fine is a further indication that he considered the evidence of record pertaining to Rowe's financial condition. See Peppe, 80 F.3d at 22-23. We conclude that the record supports the district court's determination that Rowe had the capability to pay the fine imposed.[5]

Rowe also argues that because Judge Keeton decided not to impose a fine as part of his first sentence, and because the government did not challenge that decision, his indigence was established for the subsequent two sentencings. Explicit findings pertinent to sentencing, which are "unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, become[] law of the case for future stages of the same litigation." United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993); accord United States v. Ticcharelli, 171 F.3d 24, 28 (1st Cir. 1999). Rowe's characterization of Judge Keeton's decision not to impose a fine as tantamount to a finding of indigence misconstrues the decision.

In the course of the first sentencing proceeding, Judge Keeton said that the record indicated that Rowe's bankruptcy proceeding would be reopened and that Rowe's debts would be determined to be

---

[5]Federal Rule of Criminal Procedure 32(c)(1) does not apply in these circumstances where Rowe has not shown that there were unresolved objections to pertinent sections of the presentence report. See United States v. Sawyer, 239 F.3d 31, 46 (1st Cir. 2001).

nondischargeable.   Judge Keeton concluded that a fine would be
inappropriate because Rowe's resources were likely to be insufficient
to pay both a fine and his anticipated nondischargeable debts, which
the court determined should be given priority.[6] Judge Keeton did not
find that Rowe was indigent, as Rowe now argues, nor did he find that
Rowe would be unable to pay a fine in the future.  Instead, as a matter
of policy, he gave priority to Rowe's anticipated bankruptcy debts.
See Rowe I, 144 F.3d at 23.

Judge Keeton's second sentence was later vacated, and the
case was again remanded for resentencing before a newly assigned judge.
In a multi-count case based on the same course of conduct, after
convictions on one or more counts have been reversed and the sentence
has been vacated, the district court on remand is authorized, within
statutory and constitutional limits, to re-evaluate and reconstruct the
sentence.  See United States v. Blasini-Lluberas, 169 F.3d 57, 68 (1st
Cir. 1999) (citing United States v. Pimienta-Redondo, 874 F.2d 9, 14
(1st Cir. 1989)); see also United States v. Rodriguez, 112 F.3d 26, 30
(1st Cir. 1997).  The new sentence, in the aggregate, may be more
severe than the original sentence, as long as it is not vindictive.
See North Carolina v. Pearce, 395 U.S. 711, 726 (1969); see also

---

[6]The district court did not quantify the anticipated debts or give
any indication of when such debts might accrue.  Since the issue is not
before us, we express no opinion as to the propriety of the district
court's decision.

Alabama v. Smith, 490 U.S. 794, 795 (1989). In addition, the court may impose a fine, although no fine, or a smaller fine, was imposed in the original sentence. See, e.g., United States v. Versaglio, 85 F.3d 943, 948-49, modified on other grounds, 96 F.3d 637 (2d Cir. 1996); United States v. Young, 932 F.2d 1035, 1037-38 (2d Cir. 1991).

On the second remand, Judge Keeton imposed a fine of $10,000, stating that the record did not show that Rowe was incapable of paying a fine.[7] Rowe failed to object to the fine during the second sentencing proceeding, but later, on appeal, he challenged the fine as vindictive. Rowe did not pursue the issue of vindictiveness during the third sentencing proceeding before Judge Young, nor has he raised that issue in this appeal.

The second sentence was vacated by Rowe II. On remand, Judge Young resentenced Rowe on Count II as directed in the mandate from Rowe II. Consonant with Judge Keeton's finding in the second sentencing proceeding, Judge Young found that Rowe had the capability to pay a fine of $10,000. As stated above, Judge Young's decision to impose a fine is properly supported by the record in that proceeding. Therefore, Judge Young did not err in imposing a fine, despite Judge Keeton's initial decision not to do so.

---

[7]The record from the second sentencing proceeding includes no information about reopening the bankruptcy proceeding, and Judge Keeton did not reiterate his previous intent to give priority to Rowe's nondischarged bankruptcy debts.

-12-

There being no error, plain or otherwise, we need not consider the remaining factors in the analysis.

B.  Motion to Dismiss Count II

Rowe was charged in Count II with bankruptcy fraud for writing "NONE" in Schedule A, despite his interest in the Nahant property.  Rowe's defense was that the mortgage and attachments on the Nahant property, together with his agreement with his ex-wife that she would get any equity in the house, rendered his interest in the property worthless.  Despite his defense, Rowe was convicted on Count II.  Count II is the only conviction remaining in the case.

Before the third sentencing proceeding, Rowe filed a motion to dismiss Count II, relying on part of our decision in Rowe II.  We reversed the district court's determination of the intended loss in Count II because record evidence of encumbrances on the Nahant property, which the district court had not considered, "arguably rendered Rowe's interest in the property worthless."  Rowe II, 202 F.3d at 42.  Rowe argued in support of his motion to dismiss that Rowe II established as a matter of law that his interest in the Nahant property was worthless.  He also argued that the evidence at trial was

insufficient to convict him on Count II.[8] As a result, he contended, his conviction should be overturned and the charge dismissed.

At the hearing on Rowe's motion, the district court construed the motion as one for a new trial. Although mention was made at the hearing of possible new evidence, the district court did not consider the effect of such evidence in the context of a motion for a new trial. Instead, the court denied the motion on the ground that the mandate from Rowe II directed only that Rowe be resentenced on Count II and did not permit consideration of the sufficiency of the evidence to support Rowe's conviction on Count II.

"The 'mandate rule' generally requires that a district court conform with the remand order from an appellate court." Ticcharelli, 171 F.3d at 31. In Rowe II, we vacated Rowe's sentence on Count II and remanded the case for further proceedings consistent with that opinion. The mandate from Rowe II was limited to resentencing Rowe on Count II. Therefore, the district court correctly ruled that the mandate in Rowe II did not permit consideration of Rowe's motion to the extent he

_____

[8]Since Rowe did not move for judgment of acquittal on Count II at the close of the government's case against him, that issue was lost unless he could show on appeal that his conviction was "clearly and grossly unjust." United States v. Neal, 36 F.3d 1190, 1206-07 (1st Cir. 1994). However, Rowe did not raise the sufficiency issue in either of his previous appeals, leaving the unchallenged guilty verdict as the law of the case. See, e.g., Ticchiarelli, 171 F.3d at 30-31; Bell, 988 F.2d at 251. Rowe has not shown that his case falls within the limited flexibility in the application of the law-of-the-case rule. See Ticcharelli, 171 F.3d at 29; see also United States v. Connell, 6 F.3d 27, 31 (1st Cir. 1993).

challenged the sufficiency of the evidence to convict him on Count II based on either the evidence at trial or the ruling in <u>Rowe II</u>.

Although the district court raised the question of whether Rowe's motion was intended as a motion for a new trial, Judge Young did not rule on the motion in that context.  As a result, the issue of a motion for a new trial was not resolved by the district court and is not before this court on appeal.

<u>Affirmed.</u>