21-3035-cr
*United States v. Trimarco*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                                     21-3035-cr

Vincent J. Trimarco, Jr.,

> *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | Lauren A. Bowman, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| FOR DEFENDANT-APPELLANT: | Andrew M. St. Laurent, Harris St. Laurent & Wechsler LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in part and the case is **REMANDED** for further proceedings only on the special condition of supervised release imposing 2,000 hours of community service.

Defendant-appellant Vincent J. Trimarco, Jr., appeals from the district court's judgment, entered on December 3, 2021, following his guilty plea to one count of conspiring to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Trimarco was sentenced to fifty-seven months' imprisonment, two years' supervised release with a special condition requiring Trimarco to perform 2,000 hours of community service, restitution in the amount of $1.5 million, and forfeiture in the amount of $1.5 million. On appeal, Trimarco's sole challenge to the district court's judgment is to the imposition of 2,000 hours of community service, arguing that the special condition is procedurally unreasonable. The government concedes that the record is insufficient to uphold the imposition of 2,000 hours of community service and agrees that the special condition should be vacated and the case remanded to the district court.[1] The government contends, however, that the remand should allow for plenary resentencing. Trimarco opposes plenary resentencing and asserts that the remand should be limited to addressing the special condition of community service. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] The government initially moved to dismiss the appeal based upon a provision in the plea agreement in which Trimarco agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 57 months or below." App'x at 43. However, after Trimarco filed his appellate brief challenging only the special condition of supervised release, the government withdrew the motion, explaining that Trimarco "challenge[d] only a matter outside the scope of the waiver." Gov't Br. at 5 n.2.

We ordinarily review the imposition of a special condition of supervised release for abuse of discretion. *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008). However, because Trimarco did not object to the special condition at sentencing, we review for plain error.[2] *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

I. **The Condition of Supervised Release: 2,000 Hours of Community Service**

Trimarco argues that the district court plainly erred by imposing 2,000 hours of community service because this number exceeded the amount contemplated by the Sentencing Guidelines, the condition is not reasonably related to the sentencing factors under 18 U.S.C. § 3553(a), and it was not supported in the record by a sufficient explanation from the district court. The government concedes that vacating this special condition is required given the inadequacy of the record to support its imposition. After conducting our own independent review of the record, *see Young v. United States*, 315 U.S. 257, 258–59 (1942), we agree that the district court plainly erred by failing to provide sufficient reasoning for its imposition of 2,000 hours of community service, and therefore, the special condition must be vacated.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special conditions if they are "reasonably related" to: "(A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of

---

[2] Under the plain error standard, Trimarco bears the burden of showing: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration omitted) (internal quotation marks and citation omitted).

the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b)(1); *accord* 18 U.S.C. §§ 3553(a) & 3583(d)(1). "[A] condition may be imposed if it is reasonably related to any one or more of the specified factors." *United States v. Abrar*, 58 F.3d 43, 46 (2d Cir. 1995). Further, a special condition must "involve no greater deprivation of liberty than is reasonably necessary" for these purposes, and it must be "consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b)(2); *accord* 18 U.S.C. §§ 3583(d)(2)–(3); *United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). A district court's discretion to impose special conditions is thus not unfettered, and we will "carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (citation omitted). Moreover, when determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . and . . . state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. However, even when the district court does not provide such an explanation, the condition at issue can be upheld "if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks and citation omitted).

The Sentencing Guidelines provide guidance as to the proper imposition of community service as a special condition. Specifically, Application Note 1 of Section 5F1.3 states that "[c]ommunity service generally should not be imposed in excess of 400 hours." U.S.S.G. § 5F1.3 cmt. n.1. Therefore, the Sentencing Commission's pertinent policy statement "must be read to advise that courts should generally refrain from imposing more than a total of 400 hours of community service as a condition of supervised release." *United States v. Parkins*, 935 F.3d 63, 64 (2d Cir. 2019).

4

Here, the district court did not state on the record its reason for imposing 2,000 hours of community service, even though it is an amount that greatly exceeds the general limit set forth in the Guidelines.[3] The only specific reference to community service by the district court during the sentencing was the following statement to Trimarco when imposing the special condition: "And now that I have heard about your connection to the veterans, I hope that perhaps you will perform your community service at a veterans [sic] organization, perhaps with veterans with addiction problems. But it sounds to me like you certainly have organizations available that are very much in need of your assistance." App'x at 115. That statement, even in combination with the justifications provided for the sentence as a whole, did not adequately explain how the community service requirement was reasonably related to the applicable Section 3553(a) factors, nor did it explain why 2,000 hours (a substantial upward variance from the Guidelines' recommended maximum) would be reasonably necessary to satisfy one or more of the sentencing factors. *See, e.g.*, *Parkins*, 935 F.3d at 68 ("In light of Application Note 1's general proscription of more than 400 hours of community service and the district court's inadequate, individualized justification for a higher amount, the imposition of a total of 695 hours of community service was an abuse of discretion."); *United States v. Kim*, 790 F. App'x 321, 324 (2d Cir. 2019) (summary order) (remanding where the district court failed to adequately explain the imposition of over 4,000 hours of community service as a supervised release condition); *see generally United States v. Singh*, 877 F.3d 107, 117 (2d Cir. 2017) (highlighting that "a major variance" from the Sentencing Guidelines,

---

[3] In *Parkins*, we noted that the text of Application Note 1 does not specify whether the general limit of 400 hours applies per year or over the full term of supervised release. 935 F.3d at 65–66. However, as in *Parkins*, we need not decide this issue because remand is required regardless of how the policy statement is interpreted. *See id.* at 66. Even assuming *arguendo* the 400-hour guidance could be construed to apply per year, the amount imposed here (1,000 hours per year) was more than double the Guidelines' limit and was therefore procedurally unreasonable.

as opposed to a minor one, "must be supported by a more significant justification" (internal quotation marks and citation omitted)). Moreover, this is not a situation where such reasoning is self-evident from the record: there was no discussion about a special condition of community service in the Pre-Sentence Report or between the parties before or during sentencing. In short, the failure to provide sufficient reasoning for the special condition—a condition that varied so dramatically from the recommended maximum—was procedural error.

On the issue of whether the error is plain, we conclude that it is. The failure to provide an adequate explanation for the special condition was a clear and obvious error under our case law. In addition, there is a reasonable probability that the error affected the outcome of Trimarco's sentence as it relates to the condition of supervised release and thereby affected his substantial rights. Such an error goes directly to the fairness and integrity of the sentencing proceeding. *See*, *e.g.*, *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019) (per curiam) ("The District Court's failure to explain its rationale is plain error because it is not obvious from the record why such a [special] condition was reasonably necessary. Thus, there is a reasonable probability that the error affected the outcome of [the defendant's] sentence." (internal quotation marks and citation omitted)); *United States v. Forney*, 797 F. App'x 31, 34 (2d Cir. 2019) (summary order) (same). Accordingly, this error is plain, and remand is required.

## II.     The Scope of the Remand

Although the parties agree that remand is necessary, they disagree as to its scope: the government argues for a plenary resentencing, while Trimarco seeks a limited remand in which the district court will address only the special condition of community service. As set forth below, we agree with Trimarco that plenary resentencing is unwarranted.

6

Although we generally authorize only a limited remand when we identify a sentencing error on appeal, "a mandate may, of course, call for *de novo* resentencing, thereby allowing parties to reargue issues previously waived or abandoned." *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013) (per curiam); *see also United States v. Valente*, 915 F.3d 916, 924 (2d Cir. 2019) ("In general, when we remand to a district court for resentencing, that remand is for limited, and not *de novo* sentencing." (internal quotation marks and citation omitted)); *United States v. Bohn*, 959 F.2d 389, 394 (2d Cir. 1992) ("Not every reduction in a component of a criminal sentence entitles the Government to seek an increase in another component."). For example, we ordinarily remand for *de novo* resentencing "[w]hen the conviction on one or more charges is overturned on appeal" because "the constellation of offenses of conviction has been changed and the factual mosaic related to those offenses that the district court must consult to determine the appropriate sentence is likely altered. For the district court to sentence the defendant accurately and appropriately, it must confront the offenses of conviction and facts anew." *United States v. Quintieri*, 306 F.3d 1217, 1227–28 (2d Cir. 2002). We have explained that, in such situations, undoing the "intricate knot of calculations" requires plenary resentencing. *United States v. Atehortva*, 69 F.3d 679, 685 (2d Cir. 1995); *accord Quintieri*, 306 F.3d at 1228. That knot of calculations may include, in addition to the term of imprisonment, other components of the sentence such as a term of supervised release or a fine. *See United States v. Versaglio*, 85 F.3d 943, 948–49 (2d Cir. 1996) ("In some circumstances, we have upheld the authority of a sentencing court to revise upward one component of a sentence after another component was held to have been invalidly imposed.").

The government contends that plenary resentencing is warranted here, urging that the district court "should 'have the option of considering whether to make an upward adjustment' in

any other components of Trimarco's sentence in order to achieve the desired intended 'aggregate punitive effect' of the sentence." Gov't Br. at 13–14 (quoting *Versaglio*, 85 F.3d at 949). Specifically, the government notes that (1) only two years of supervised release were imposed, which is less than the three-year statutory maximum, and (2) the district court adopted the lower Guidelines offense level contained in the plea agreement, as opposed to the higher offense level calculated by the Probation Department, in determining Trimarco's sentence. The government suggests that the district court, in adding the special condition of community service at sentencing, may have lowered some other component of the sentence and therefore should be able to make other adjustments to Trimarco's sentence on remand. We find the government's argument unpersuasive.

As an initial matter, supervised release cannot be imposed as "punishment" during sentencing. Unlike a fine, which may contribute to the aggregate punitive portion of a sentence, *see* U.S.S.G. § 5E.2(d)(1); *Versaglio*, 85 F.3d at 948–49, the Supreme Court has made clear that "a court may *not* take account of retribution . . . when imposing a term of supervised release," *Tapia v. United States*, 564 U.S. 319, 326 (2011); *see also United States v. Granderson*, 511 U.S. 39, 50 (1994) ("Supervised release, in contrast to probation, is not a punishment in lieu of incarceration."); *United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021) (per curiam) ("[R]etribution is a proper justification for a term of imprisonment but not for supervised release . . . ."). We have no reason to believe that the district court improperly considered retribution in imposing the special condition of community service on Trimarco's supervised release. Therefore, on remand, any adjustment to the special condition would not require adjustment to any other component of the sentence to achieve the same aggregate punishment.

8

As to the Section 3553(a) factors that could have properly supported the district court's reasoning for imposing the community service requirement (such as, for example, deterrence), there is no basis in the record to conclude that the special condition was linked or intertwined in some way to the other components of the sentence, such as the term of imprisonment or the length of the term of supervised release. Indeed, with respect to the length of imprisonment, the district court imposed a term of fifty-seven months, which was at the highest end of the advisory Guidelines range as calculated in the plea agreement. Moreover, the district court gave no indication that it was imposing a term of supervised release of two years (rather than three years) because of the additional special condition requiring community service.

The decisions relied upon by the government to support its position, including *Kim* and *Bohn*, are inapposite. For example, in *Kim*, the defendant explicitly "asked, in lieu of incarceration, for 'an enormous amount of community service,' suggesting 'another thousand hours of work' because '[t]hat's the kind of thing that would make an enormous impact on [the defendant].'" 790 F. App'x at 324 (quoting the record). After considering that argument, the district court "imposed a custodial sentence of one year and a day, well below the guidelines range of 30–37 months, coupled with a term of supervised release that included substantial community service." *Id.* Under those circumstances, we concluded that plenary resentencing was warranted because "[t]he district court's decisions as to the term of imprisonment and the extent of community service may very well have been intertwined." *Id.* Similarly, in *Bohn*, the district judge imposed a sentence of five years' probation and a $500,000 fine, and "specifically stated that he was going to impose a fine 'in light of the fact that [he was] not going to sentence [the defendant] to jail.'" 959 F.2d at 391 (quoting the record).

9

Here, unlike in *Kim* and *Bohn*, neither the district court nor the parties made any link between the special condition imposed and any other component of Trimarco's sentence. Instead, the instant situation falls among the overwhelming majority of cases where, if the district court failed to provide sufficient reasoning in connection with a special condition, we remand to the district court to address only that condition of supervised release, and not for a plenary resentencing. *See, e.g.*, *Bleau*, 930 F.3d at 43 (remanding for further consideration of only the special condition of supervised release that was the subject of the procedural error); *United States v. Bishop*, 2022 WL 1787717, at *2 (2d Cir. June 2, 2022) (summary order) (same); *Forney*, 797 F. App'x at 34 (same); *United States v. Wolfe*, 791 F. App'x 196, 200 (2d Cir. 2019) (summary order) (same); *United States v. Donohue*, 726 F. App'x 3, 7 (2d Cir. 2018) (summary order) (same).

\*     \*     \*

Accordingly, the judgment of the district court is **VACATED** as to the special condition imposing 2,000 hours of community service and the case is **REMANDED** for further proceedings only as it pertains to that special condition. We instruct the district court to determine whether the imposition of the special condition is reasonably related to the factors set forth in U.S.S.G. § 5D1.3(b)(1) and, if it is, to explain the reasons for imposing the condition and to determine a number of hours that "involve[s] no greater deprivation of liberty than is reasonably necessary for th[ose] purposes," *id.* § 5D1.3(b)(2).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10