United States v. Parkins

# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2018

No. 18-1019

UNITED STATES OF AMERICA,

*Appellee,*

v.

NIKOS PARKINS,
*Defendant-Appellant.*

ARGUED: JUNE 24, 2019

DECIDED: AUGUST 19, 2019

Before:     JACOBS, LOHIER, PARK, *Circuit Judges.*

Nikos Parkins appeals from a sentence of the United States District Court for the Southern District of New York (Berman, J.) imposing a condition of supervised release that requires him to perform 300 hours of community service a year over his term of supervision for a total of 695 hours. We conclude that the challenged condition is not reasonably related to any of the relevant sentencing factors, is inconsistent with the pertinent Guidelines policy statements, and involves a greater deprivation of liberty than is reasonably needed to achieve the purposes of sentencing. Accordingly, we vacate the condition and remand for resentencing.

DANIEL HABIB, FEDERAL DEFENDERS OF NEW YORK, INC., NEW YORK, NY, FOR THE DEFENDANT-APPELLANT.

DAVID ABRAMOWICZ, ASSISTANT UNITED STATES ATTORNEY (DANIEL B. TEHRANI, ASSISTANT UNITED STATES ATTORNEY, ON THE BRIEF), FOR GEOFFREY S. BERMAN, UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK, NEW YORK, NY, FOR THE APPELLEE.

DENNIS JACOBS, *Circuit Judge*:

Nikos Parkins appeals, for the second time, from a sentence of the United States District Court for the Southern District of New York (Berman, J.) imposing a condition of supervised release that requires him to perform 300 hours of community service a year over the term of his supervision. Parkins argues that the condition constitutes an abuse of discretion because: it is not reasonably related to any of the applicable purposes of sentencing listed at 18 U.S.C. § 3553(a); it is inconsistent with the pertinent policy statement issued by the Sentencing Commission; and it involves a greater deprivation of liberty than needed to effectuate the goals of sentencing.

2

We conclude that the pertinent policy statement issued by the Sentencing Commission must be read to advise that courts should generally refrain from imposing more than a total of 400 hours of community service as a condition of supervised release. We further conclude that Parkins's condition of supervised release requiring 300 hours a year is not reasonably related to any of the relevant sentencing factors and involves a greater deprivation of liberty than is reasonably needed to achieve the purposes of sentencing. Accordingly, we vacate the condition and remand for resentencing.

**I.**

This appeal arises from Parkins's conviction for his role in two different fraud schemes. First, in 2009 or 2010, Parkins conspired to stage automobile accidents and defraud insurers into paying out invalid claims. To effectuate the scheme, Parkins played the victim, and attended physical therapy sessions five days a week for three months. Second, in 2012, Parkins conspired to defraud banks by reporting his debit cards as lost or stolen while his coconspirators used his account to deposit fraudulent checks and withdraw the funds. Parkins participated in a similar scheme again in 2013.

Parkins waived indictment and pleaded guilty to one count of conspiracy to commit bank fraud and one count of conspiracy to commit health care fraud, both in violation of 18 U.S.C. § 1349. On February 15, 2017, Parkins was sentenced to time served and a three-year term of supervised release with a condition that he perform 300 hours of community service for each year of supervision.

Parkins's prior appeal argued that 900 hours of community service over 3 years violated 18 U.S.C. § 3583(d) because: (1) it was not reasonably related to any of the applicable factors set out in 18 U.S.C. § 3553, (2) it involved a greater deprivation of liberty than reasonably necessary to afford adequate deterrence, and (3) it was inconsistent with Application Note 1 to Section 5F1.3 of the Sentencing Guidelines. The government conceded that the community service term set forth by the district court lacked an adequate non-punitive explanation, and moved to vacate the condition. This court vacated the community service condition of supervised release and remanded, explaining that we were unable to determine whether the community service term was warranted in light of the relevant statutory factors and Guideline policy statement.

The district court thereafter issued a written decision addressing the community service condition in light of the § 3583(d) factors, and stated its intention to re-impose the 300-hour-per-year condition for the remainder of Parkins's term of supervised release. At resentencing on March 27, 2018, the district court imposed the same condition of supervised release, which, at that point, required 575 additional hours of community service for the remaining 23 months of supervised release in addition to the 120 hours Parkins had already served, for a total of 695 hours. Parkins now appeals this second sentence for substantially the same reasons he appealed the first.

## II.

We review the propriety of a condition of supervised release for abuse of discretion. United States v. Brown, 402 F.3d 133, 136 (2d Cir. 2005).

Special conditions of supervised release must be "reasonably related" to: (A) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (B) "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant. U.S.S.G.

§ 5D1.3(b)(1); <u>accord</u> 18 U.S.C. §§ 3553(a) & 3583(d)(1).  "[A] condition may be imposed if it is reasonably related to any one or more of the specified factors." <u>United States v. Amer</u>, 110 F.3d 873, 883 (2d Cir. 1997) (internal quotation marks omitted).  A special condition must also involve "no greater deprivation of liberty than is reasonably necessary for the purposes" of sentencing.  18 U.S.C. § 3583(d)(2).

**III.**

Conditions of supervised release must be "consistent with any pertinent policy statements issued by the Sentencing Commission."  18 U.S.C. § 3583(d)(3).  Section 5F1.3 of the Sentencing Guidelines allows for the imposition of a condition of supervised release requiring community service.  Application Note 1 to that Section provides:

> Community service generally should not be imposed in excess of 400 hours.  Longer terms of community service impose heavy administrative burdens relating to the selection of suitable placements and the monitoring of attendance.

The first sentence of that Note, providing that community service in excess of 400 hours generally should not be imposed, "interpret[s] a guideline or explain[s] how it is to be applied," <u>Stinson v. United States</u>, 508 U.S. 36, 41 (1993) (quoting

U.S.S.G. § 1B1.7), and is therefore binding, see United States v. Sash, 396 F.3d 515, 523 (2d Cir. 2005). The parties disagree about whether the 400-hour limitation is per year or over the full term of supervised release.

"[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." United States v. Bass, 404 U.S. 336, 348 (1971). That principle--the rule of lenity--applies to the Sentencing Guidelines. See United States v. Simpson, 319 F.3d 81, 86 (2d Cir. 2002).

Nothing in the text of Application Note 1 tells us whether it applies to the entire term of supervised release. The Note does not mention an annual cap, so one might presume that the 400-hour limit applies to the total term of supervised release, but that is by no means free from doubt; in any event, the same result obtains whether or not we consider the sentence to be ambiguous. We therefore interpret the provision in Parkins's favor and assume that it is a general limit of 400 hours of community service for a supervisee's entire term of supervised release, rather than a yearly cap. Of course, this does not resolve the issue, since the Application Note's proscription of more than 400 hours of supervised release, by its own terms, applies only "generally." Nonetheless, the Application Note grounds the discussion that follows.

## IV.

The substance of Parkins's claim is a challenge to the imposition of a term of supervised release requiring a total of 695 hours of community service. Accordingly, we consider the district court's written decision, which considered each of the relevant § 3553(a) factors.

As to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the district court observed that Parkins lives with his parents, has a young daughter, works as a driver for Uber and other similar companies, and "was convicted of two serious crimes of fraud which adversely impacted the community at large." App'x 235. But the court did not explain how Parkins's particular circumstances--his criminal history, his cooperation, the nature of his offense--reasonably related to the need for community service.

As to "the need for the sentence imposed to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), the district court again cited the impact of Parkins's crime on the community, and stated that "[c]ommunity service is crucial in this case, in the Court's view, to help provide both specific

8

and general deterrence," citing a law review article and a sentencing by District Judge Harold Baer, Jr., imposing 200 hours of community service. App'x 236. The district court did not explain how community service would deter crime, nor is that obvious in the present context.

As to "the need to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), the district court noted that "the public at large was obviously negatively affected by Mr. Parkins'[s] illegal actions and Parkins'[s] . . . sentence[] should help protect the public going forward." App'x 237.

And as to the provision of "needed educational or vocational training," 18 U.S.C. § 3553(a)(2)(D), the district court observed that Parkins's community service is performed at St. John's Bread & Life, which "feeds the needy and provides tax preparation, medical care, counseling, and legal services to those in need." App'x 237. The court added that Parkins's "work schedule appears flexible," id. at 237, and that the community service obligation "requires responsibility, discipline, and prioritization on Mr. Parkins'[s] part," id. at 238.

At the March 27 sentencing, the district court incorporated its March 22 written order and expressed its interest in "the values and advantages of community service," especially for juveniles. Id. at 242. Notably, the court also

9

rejected Parkins's contention that the community service interfered with his ability to work: "Mr. Parkins'[s] financial circumstances has at least as much to do with the nature of his job itself, it would appear, or the nature of Mr. Parkins and how he does the job." Id. at 245. The court reiterated that community service can teach "skills like prioritization, organization, punctuality, [and] self-management," id., and that, in addition to serving meals, the service site helps people prepare their taxes, among other things.

*    *    *

This record provides little basis to conclude that Parkins's conviction may be distinguished from the generality of cases wherein courts should not impose community service in excess of 400 hours. The district court's reasoning is, for the most part, sound but generic, and there is insufficient nexus between the 695-hour community service condition and the applicable § 3553(a) factors. While community service can provide educational or vocational training, Parkins's service consists primarily, if not entirely, of distributing uncooked meals in the St. John's food pantry. In any event, the district court did not find that Parkins was in need of any of the training that community service might provide, and

10

there is no reason on this record to believe that 695 hours of community service is required for Parkins to achieve the benefit such service offers.

The government argues that the community service will keep Parkins occupied in productive activities, thus preventing him from returning to the "negative influences" that "led him astray." Appellee Br. 24. But this argument lacks a limiting principle that would allow an evaluation of how much community service is "greater than necessary" to keep Parkins off the street. And Parkins's job driving for Uber seems at least equally suited to keeping him occupied, and confers the not-incidental benefit of allowing him to provide for his young daughter. Moreover, it appears evident that, as Parkins argues, his productive occupation is disrupted by the amount of community service he must perform.

The government focuses on the second sentence of Application Note 1, which warns of the administrative burden associated with longer terms of community service. The government argues that Note 1 does not bear on this case because the district court found that the 695-hour condition imposes no "heavy administrative burden" on the Probation Office. App'x 253. However, that sentence "provide[s] background information, including factors considered

11

in promulgating the guideline or reasons underlying promulgation of the guideline," Stinson, 508 U.S. at 41 (quoting U.S.S.G. § 1B1.7), and is therefore not binding in the same way as the first sentence, see Sash, 396 F.3d at 523 ("A Guideline may apply in situations not contemplated by the background commentary to the Guideline."). That is, the second sentence does not qualify the first; it provides background information to aid courts' application of the Note. Specifically, the second sentence of Application Note 1 reflects the Sentencing Commission's determination that terms of community service in excess of 400 hours do, in fact, impose heavy administrative burdens--it does not invite district courts to impose more than 400 hours of community service based on a finding that a heavy administrative burden is unlikely. Therefore, the district court's conclusion that Parkins's 695-hour condition does not impose a heavy administrative burden was beside the point.

Indeed, the record reflects that the Probation Office *did* undertake an incremental administrative burden by finding a second community service site for Parkins to perform community service. It is also unclear whether the additional site will minimize the burden on the Probation Office by tracking Parkins's hours (as St. John's does). See App'x 249–50.

In light of Application Note 1's general proscription of more than 400 hours of community service and the district court's inadequate, individualized justification for a higher amount, the imposition of a total of 695 hours of community service was an abuse of discretion.

For the foregoing reasons, we **VACATE** the condition of supervised release requiring 300 hours of community service per year and **REMAND** for re-sentencing.