18-3339-cr
*United States v. Stasior*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:   ROBERT D. SACK,
           BARRINGTON D. PARKER,
           DENNY CHIN,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                     *Appellee,*

           v.                                    18-3339-cr

RYAN JUNGHUNX KIM, aka Ryanx Junghun Choi,
aka Soo Choi, aka Lion King, HOI HAM, SUNG
HWAN KIM, aka Sean Kim, YOUNG HO JOO, aka
Jay Joo, MI SOOK KIM, SU YEON YUN, aka Bebe,
HYUN JOO LEE, HYUN JOO SHIN, SUNG SOON
KIM, aka Ying Ai Li, JIN AE JUNG, aka Jacqueline
Kim, aka Jackie Kim, YOUNG JU LEE, KUEMBIN

NA, HYUN JIN LEE, SANGHEE HAN, MOOJA
PETERSON, aka MJ,

*Defendants,*

DAVID STASIOR,

*Defendant-Appellant*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:  DANIELLE R. SASSOON, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:  HARRY SANDICK, Patterson Belknap Webb & Tyler LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in part and the case is **REMANDED** for resentencing.

Defendant-appellant David Stasior appeals from a judgment of the district court convicting him, following his guilty plea, of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The district court sentenced Stasior principally to a term of imprisonment of one year and a day and four years' supervised release, with a special condition that he perform twenty hours of community service per

week throughout the term of supervised release. Stasior argues that the district court committed reversible error by imposing a term of supervised release in excess of the statutory maximum, and by imposing as a special condition of supervised release that he perform twenty hours of community service each week for the entire period of supervised release. The government concedes error as to the term of supervised release and agrees that the case must be remanded for resentencing, but argues that plenary resentencing is warranted. Stasior opposes plenary resentencing, and argues that resentencing should be limited to correcting the term of supervised release and the special condition of community service. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a sentence under a deferential abuse of discretion standard. *See United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018). Likewise, "[w]e review the propriety of a condition of supervised release for abuse of discretion." *United States v. Parkins*, 935 F.3d 63, 65 (2d Cir. 2019).

Stasior, a doctor, allocuted to providing financial assistance and business advice over a three-and-a-half-year period to the owner of what he knew was an illegal prostitution business. Moreover, the evidence presented by the government in connection with sentencing showed that Stasior made loans to individual prostitutes and then used these loans to pressure the women to continue their involvement in prostitution to repay him and to extract sexual services from them. The Presentence

3

Investigation Report (the "PSR"), which was adopted by the district court, recommended a guidelines range of 30-37 months' imprisonment and one to three years' supervised release. At sentencing, Stasior asked the court to consider alternatives to incarceration, observing that he "has the ability to do an enormous amount of community service . . . . The Court could put him to task and say you owe me, you owe society, another thousand hours of work. We'll take that." App'x at 235. The government sought an above-guidelines sentence.

Three issues are presented on appeal: (1) whether the district court committed plain error in imposing a four-year term of supervised release; (2) whether the community service special condition was procedurally or substantively unreasonable; and (3) whether, if the case is remanded, resentencing will be plenary or limited to addressing the term of supervised release and the disputed community service special condition.

I.      *Term of Supervised Release*

Stasior argues that the district court committed plain error by imposing a four-year term of supervised release when the statutory maximum term is three years.[1] The PSR reflected the three-year statutory maximum. The government agrees that the sentence was imposed in violation of law and that resentencing is required because the

---

[1]      Based on the maximum term of imprisonment, conspiracy to commit money laundering is a Class C offense, which carries a maximum term of three years' supervised release. *See* 18 U.S.C. § 3583(b)(2).

4

term of supervised release exceeds the statutory maximum. Accordingly, we hold that the district court plainly erred when it imposed a sentence in excess of the statutory maximum, and we vacate the sentence as to the term of supervised release and remand for resentencing consistent with the relevant statute.

II.     *Condition of Supervised Release: Community Service*

Stasior further argues that the condition that he perform twenty hours of community service per week throughout his term of supervised release, amounting to 4,160 hours over four years, was substantively and procedurally unreasonable. A sentence is procedurally unreasonable, *inter alia*, when the court fails to calculate or miscalculates the Guidelines range, does not consider the factors in 18 U.S.C. § 3553(a), or rests its sentence on a clearly erroneous finding of fact. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "Where there is a variance from the Guidelines range . . . a major departure should be supported by a more significant justification than a minor one." *United States v. Singh*, 877 F.3d 107, 116 (2d Cir. 2017) (internal quotation marks and alterations omitted). Because we agree that the sentence was procedurally unreasonable, we need not reach the issue of substantive reasonableness. *See United States v. Juwa*, 508 F.3d 694, 699 (2d Cir. 2007).

Courts have discretion to impose special conditions of supervised release to the extent they are "reasonably related" to: (A) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (B) "the need for the

5

sentence imposed to afford adequate deterrence to criminal conduct"; (C) protection of the public; and (D) the defendant's rehabilitative needs. U.S.S.G. § 5D1.3(b). Further, a special condition must not involve any "greater deprivation of liberty than is reasonably necessary," and it must be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.*

The Guidelines also provide guidance as to the requirement of community service as a special condition: "Community service generally shall not be imposed in excess of 400 hours." U.S.S.G. § 5F1.3 cmt. n.1. In a decision issued subsequent to Stasior's sentencing, we explained that the Sentencing Commission's pertinent policy statement "must be read to advise that courts should generally refrain from imposing more than a total of 400 hours of community service as a condition of supervised release." *United States v. Parkins*, 935 F.3d 63, 64 (2d Cir. 2019).

The district court discussed two of the relevant § 3553(a) factors at sentencing: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need to avoid unwarranted sentencing disparities." 18 U.S.C. § 3553(a)(1), (a)(6). As to first factor, the district court observed that "not one" of the criminal defendants it had sentenced in nearly twenty-five years on the bench "approached the intellect or the advantages in life of Dr. Stasior, and not one was better situated to know that the path he embarked on was criminal." App'x at 254. The district court further acknowledged, however, that any sentence "impose[d] an

6

entirely undeserved horror" on Stasior's wife, who suffers from serious medical conditions and is "blameless." App'x at 256. As to the second factor, the court observed "the need for some appropriate relationship between the sentences imposed on many of the other defendants in this case," particularly in light of Stasior's "vastly preferable circumstances." App'x at 255. Given the significant upward departure from the general threshold -- more than ten times the recommended 400-hour limit, *see Singh*, 877 F.3d at 116 -- and in light of our recent guidance in *Parkins*, a more comprehensive justification was warranted. Accordingly, we remand to the district court for resentencing consistent with *Parkins*.

III.    *Plenary Resentencing*

The parties disagree as to the scope of resentencing. We agree with the government that plenary sentencing is warranted.

"[T]here may be circumstances when we reverse a sentence in which the spirit of the mandate requires *de novo* sentencing, for example when the reversal effectively undoes the entire knot of calculation . . . ." *United States v. Quintieri*, 306 F.3d 1217, 1228 (2d Cir. 2002) (internal quotation marks and citation omitted). Further, "we have upheld the authority of a sentencing court to revise upward one component of a sentence after another component was held to have been invalidly imposed." *United States v. Versaglio*, 85 F.3d 943, 949-50 (2d Cir. 1996). Here, Stasior asked, in lieu of incarceration, for "an enormous amount of community service," suggesting "another

7

thousand hours of work" because "[t]hat's the kind of thing that would make an enormous impact on [Stasior]." App'x at 235. The district court ultimately imposed a custodial sentence of one year and a day, well below the guidelines range of 30-37 months, coupled with a term of supervised release that included substantial community service. The district court's decisions as to the term of imprisonment and the extent of community service may very well have been intertwined, and we leave it to the experienced district court to determine whether the "knot of calculation" should be undone and to decide what new sentence is appropriate. *Quintieri*, 306 F.3d at 1228. Accordingly, we remand to the district court for plenary resentencing.

\* \* \*

For the foregoing reasons, we **VACATE** the judgment in part and **REMAND** for plenary resentencing. The government's motions for judicial notice of and to seal certain materials from a state court proceeding are **DENIED**, as the government may present the materials to the district court to consider in the first instance on remand. Stasior filed a motion to withdraw this appeal on December 12, 2019; the motion is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8