19-1313-cr
*United States v. Jermaine Buchanan*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty.

PRESENT:  DENNY CHIN,
          SUSAN L. CARNEY,
          STEVEN J. MENASHI,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


UNITED STATES OF AMERICA,
                    *Appellee,*

          -v-                                        19-1313-cr

JERMAINE BUCHANAN, aka Ski,
                    *Defendant-Appellant,*

TERRENCE BOYD, TODD SUMMERVILLE,
KELVIN BURDEN, aka Waffle, aka Uncle,
aka Unc, DAVID M. BURDEN, aka DMX, aka X,
ANTHONY BURDEN, aka Tony, aka Mackey,
WILLIE PREZZIE, aka Dog, aka Prez, ANTHONY
BUCHANAN, aka Jungle, TERRENCE THOMPSON,

aka Creed, MICHAEL SAWYER, aka Michael Moss, TERRA NIVENS, aka Stink, aka Stinkfinger, FRANK KNIGHT, aka Groovy, aka Ace, DWIGHT MASCHEK, aka Shorty, JERMAINE MARTIN, aka Psycho, ANDRE MCCLENDON, aka Popsicle, MICHAEL GLENN, aka Rockefella, ROBERT JONES, aka Swinger, DAVID L. BURDEN, aka Quinten, aka Sid, JOSEPH DANIELS, aka Digital, LAVON GODFREY, ALVIN WHITE, aka Uncle Lee, ANDRE DAWSON, aka Yup Yup, JEFFREY FREDERICKS, aka JL, aka Dahmer, JAHOD NASH, aka Hottie Jig, MARK CALDWELL, aka Lt. Sparks, KEVIN HAMLETTE, aka Fresh, PATRICE ST. SURIN, aka Patrick, aka Watty Wat, ERNEST EUGENE WELDON, aka Gene, aka Mean Gene, aka Mean One, THOMAS HOLMAN, aka Uno, ADAM SANDERS, aka AD, KENDAL MULLINS, aka K-Nice, THOMAS FAGAN, JOSEPH DARDEN, JEFFREY LOCKHART, LAMONT BROWN, aka L, ST. CLAIR BURDEN, aka Gowser, aka GP, aka Boo Boo, CEDRIC BURDEN, aka Sid, ANTONIO WILLIAMS, aka Lo Lo, ANGEL CABRERA, aka Cheeks, KEITH LYONS, aka Papa Large, aka Pops, BARNEY BURDEN, aka Rock, aka Buddy, aka Buddy Rock, DEMETRIUS STORY, LESLIE WAYNE CARLOS, aka Cheetah,

*Defendants.* *

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR APPELLEE: Margaret M. Donovan, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT: Kenneth A. Caruso (James-Paul Cumming, *on the brief*), White & Case LLP, New York, New York.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Jermaine Buchanan appeals from the third amended judgment entered April 26, 2019. In 2003, Buchanan was convicted, following a jury trial, of racketeering and related crimes in violation of 18 U.S.C. §§ 1959(a)(5) and 1962(c), (d), and 21 U.S.C. §§ 841(a)(1), (b)(1)(A). On appeal, Buchanan challenges a special condition of supervised release requiring him to complete 40 hours per week of work, educational or vocational training, or community service (the "40-hour requirement"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This case has a long procedural history. On April 12, 2004, the district court sentenced Buchanan to life imprisonment. After exhausting his direct appeals, on

April 8, 2013, Buchanan moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Buchanan and the Government then entered into a stipulation whereby he agreed to withdraw his motion in exchange for resentencing based on a range of 262-365 months. On March 23, 2015, the district court entered an amended judgment resentencing Buchanan to 365 months' imprisonment in accordance with the stipulation to be followed by a life term of supervised release.

Buchanan appealed the amended judgment, and we affirmed in all respects except as to the lifetime term of supervised release. *See United States v. Burden*, 860 F.3d 45, 57 (2d Cir. 2017). On remand, on October 2, 2017, the district court resentenced Buchanan to the mandatory minimum term of supervised release: five years. The district court further imposed several additional special conditions that it found were reasonably related to Buchanan's background and conduct, including the 40-hour requirement, to protect the public and help him reintegrate into life outside prison. The judgment also included the standard condition that Buchanan work at least 30 hours per week.

Buchanan next appealed the second amended judgment. We affirmed the term of supervised release and several of the special conditions. *See United States v. Boyd*, 759 Fed. App'x 49, 51 (2d Cir. 2019) (summary order). We vacated and remanded as to three of the special conditions, however, including the 40-hour requirement. *Id.* at 52. As to that condition, we noted the standard condition imposing a 30-hour per week

4

work requirement and observed that "[a]lthough the two conditions are not inconsistent, the district court should clarify whether the special condition takes precedence." *Id.* On remand, on April 16, 2019, the district court clarified that the 40-hour requirement took precedence, explaining that in its experience, it is "not unusual [to] see violations when people are not fruitfully engaged." App'x at 144-45. The district court then filed the third amended judgment on April 26, 2019.

On appeal, Buchanan argues that the district court abused its discretion when it imposed the 40-hour requirement because it failed to explain how Buchanan's particular circumstances warranted deviating from the standard condition of 30 hours of employment per week.

## STANDARD OF REVIEW

The propriety of a condition of supervised release is reviewed for abuse of discretion. *See United States v. Parkins*, 935 F.3d 63, 65 (2d Cir. 2019).

## DISCUSSION

**A.** *Applicable Law*

Special conditions of supervised release must be "reasonably related" to "the nature and circumstances of the offense," the defendant's history and characteristics, the need for deterrence, the protection of the public, and the defendant's medical and rehabilitative needs. U.S.S.G. § 5D1.3(b). "A special condition must also

5

involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing." *Parkins*, 935 F.3d at 65 (quoting 18 U.S.C. § 3583(d)(2)).

**B.** *Application*

Buchanan argues that the district court failed to consider his particular circumstances when imposing the 40-hour requirement. We disagree. As a preliminary matter, the 40-hour requirement may be met by any combination of "work, community service, education or vocational training." App'x at 145. The district court considered the nature and circumstances of Buchanan's offense and his history and characteristics, and noted his prolific history of violent criminal conduct, including four prior convictions for assault and the instant conviction for murder, and emphasized the strong need to protect the public. The district court also observed that Buchanan had matured since his initial sentencing, and noted that the special conditions, including the 40-hour requirement, were intended to help him transition successfully to life in the community.

Further, the district court noted that "it is [not] excessive to require a person to be engaged in some useful activity 40 hours a week," and observed that, in its experience, supervisees, particularly those with a history of dealing drugs, are more likely to violate when "not fruitfully engaged." App'x at 144-45. The 40-hour requirement was thus reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, and the need to protect the public, and does

6

not involve any greater deprivation of liberty than is reasonably necessary. *See* U.S.S.G. § 5D1.3(b)(1); *see also* 18 U.S.C. § 3583(d)(2). Accordingly, we conclude that the district court did not abuse its discretion when it imposed the 40-hour requirement.

\* \* \*

We have considered Buchanan's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk