22-1022-cr
*United States v. Jimenez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-four.

Present:

> GUIDO CALABRESI,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                     No. 22-1022-cr

WILLIAM JIMENEZ, AKA Sealed Defendant 1, AKA Flip,

*Defendant-Appellant*.

_____

For Appellee:                                    JACOB R. FIDDELMAN, (David
                                                 Abramowicz, *on the brief*),
                                                 Assistant United States
                                                 Attorneys, *for* Damian
                                                 Williams, United States
                                                 Attorney for the Southern
                                                 District of New York, New
                                                 York, NY.

For Defendant-Appellant:                         SARAH BAUMGARTEL,
                                                 Federal Defenders of New
                                                 York, Inc., New York, NY.

Appeal from an April 28, 2022 judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the action is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant William Jimenez appeals from the district court's judgment, entered on April 28, 2022, following his guilty plea to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and (2). Jimenez was sentenced to a term of 105 months' imprisonment—the top of the applicable guidelines range—to be followed by three years of supervised release. At sentencing, the district court stated that the conditions of supervision would include "the standard conditions of supervised release," which were set forth in the Presentence Investigation Report ("PSR"). The district court also imposed six special conditions without any explanation at sentencing, all but two of which had not been previously set forth in the PSR.

2

On appeal, Jimenez challenges several of the special conditions imposed on him: a condition requiring participation in a cognitive behavioral therapy program; a condition requiring full-time employment (with an alternative condition requiring 20 hours of community service each week if Jimenez is not employed or excused from employment); a condition permitting the probation department to search Jimenez's person, residence, and effects—including electronics— upon reasonable suspicion; and a condition requiring disclosure of his financial information.

Jimenez argues that the district court erred because it failed to provide any reasons for imposing these special conditions, and that the conditions themselves are overbroad, vague, and delegate too much authority to the probation department. We remand for resentencing as to several of the special conditions imposed on Jimenez given the district court's lack of explanation.

\*     \*     \*

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). They are "asked to carefully balance the goals of supervised release while remaining mindful of the life-altering effects their judgments have on defendants, their families, and their communities." *United States v. Sims*, 92 F.4th 115, 120 (2d Cir. 2024). A district court may impose special conditions if they are "reasonably related" to:

> (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3

*United States v. Carlineo*, 998 F.3d 533, 536 (2d Cir. 2021) (quoting U.S. Sent'g Guidelines Manual § 5D1.3(b)). A special condition must "involve no greater deprivation of liberty than is reasonably necessary" to implement the statutory purposes of sentencing. *United States v. Myers*, 426 F.3d 117, 124 (2d Cir. 2005) (quoting U.S. Sent'g Guidelines Manual § 5D1.3(b)).

Moreover, when determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202; *see United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019) (explaining that the district court's failure to explain its rationale for imposing a special condition constitutes plain error when "it is not obvious from the record why such a condition was reasonably necessary" and, "[t]hus, there is a reasonable probability that the error affected the outcome of [the defendant]'s sentence") (internal quotation marks omitted); *see also Sims*, 92 F.4th at 123 (sentencing courts are "required to make findings specific to the defendant . . . that . . . justify including the special condition" at issue). If a district court does not provide such an explanation, the condition at issue may be upheld "only if the district court's reasoning 'is self-evident in the record.'" *Betts*, 886 F.3d at 202 (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)).

**Cognitive Behavioral Therapy Condition**

Jimenez argues that the district court erred by imposing a special condition requiring cognitive behavioral therapy because the condition was not explained by the court, is vague, and improperly delegates judicial power to the probation department.

We agree that because the district court did not explain its reasoning for imposing the cognitive behavioral therapy condition, and because justification for doing so is not self-evident

from the record, the condition must be vacated.[1]  The record does not indicate that Jimenez has a history of therapy or diagnosed mental health concerns which would necessitate therapy. Additionally, based on the record, such mental health treatment was not suggested by probation, the government, or the defense.   Moreover, the undefined nature of the kind of program required by this condition, while not the specific basis for our remand, raises questions about the meaning of the condition.  *See Carlineo*, 998 F.3d at 536–37 (finding that special condition requiring that defendant participate in a restorative justice program was impermissibly vague given that the court gave no guidance as to what specific activities would be involved or the required frequency of the sessions, and because defendant was not put on notice as to what conduct would violate the condition).   Accordingly, we vacate this special condition and remand the case for the district court to provide sufficient reasoning justifying this condition and explaining its requirements if the court decides to reimpose it.

**Condition Requiring 20 Hours of Community Service**

Jimenez argues that the district court erred by imposing "without justification" the special condition requiring him to complete 20 hours of community service for every week that he is unemployed.   Appellant's Br. at 29.

While the Sentencing Guidelines allow the imposition of community service as a special condition, *see* U.S. Sent'g Guidelines Manual § 5F1.3, here, the district court provided no reasoning for its imposition.   Nor is the district court's reasoning as to the individualized need for this condition self-evident in the record.   Neither the probation department nor any party

---

[1]  Because we remand based on the district court's lack of justification, we do not reach Jimenez's claim of improper delegation.

requested community service, and the district court did not propose any outer limit on the total number of community service hours to be performed. Without such a limit, Jimenez could exceed the presumptive maximum of 400 hours of community service within as little as five months if he is unable to secure employment after incarceration. *See United States v. Parkins*, 935 F.3d 63, 64 (2d. Cir. 2019) (explaining that the Guidelines "must be read to advise that courts should generally refrain from imposing more than a total of 400 hours of community service as a condition of supervised release"); U.S. Sent'g Guidelines Manual § 5F1.3 cmt. n.1 (noting that "[c]ommunity service generally should not be imposed in excess of 400 hours"). Because the district court failed to articulate any justification for the community service condition or delineate the outer bounds for the number of hours, and because the reasoning is not self-evident, we remand to the district court for resentencing.

**Work Condition**

Jimenez argues that the district court's imposition of the standard condition that he "work full time (at least 30 hours per week) . . . unless the probation officer excuses" him from doing so conflicts with the court's imposition of the special condition that he "seek and maintain full-time employment" without exception. Appellant's Br. at 36 (quoting App'x at 89–90). While these two conditions are not inconsistent, the district court should clarify on remand which condition takes precedence, as the special condition leaves no room for exception or excusal. *See United States v. Boyd*, 759 F. App'x 49, 52 (2d Cir. 2019) (summary order) (remanding to the district court to clarify whether the special condition imposing a 40-hour work week requirement or the standard condition imposing a 30-hour work week requirement takes precedence).

**Search Condition**

While an individual on supervised release has a diminished expectation of privacy, *Balon*, 384 F.3d at 44, the district court provided no explanation for the broad search condition included in Jimenez's terms of supervised release.   The court did not explain, nor is it self-evident from the record, how a search condition of the broad scope at issue here—which includes search of Jimenez's home, belongings, and all electronics—is reasonably related to his offense of conviction.[2]   In light of the remand for elucidation of the other special conditions, the district court may want to reconsider this expansive search condition or take care to explain how this search condition is based on an individualized assessment of Jimenez, his history, or his offense. *See United States v. Griffin*, 839 F. App'x 660, 661, 661 n.5 (2d Cir. 2021) (summary order) (noting "puzzlement" over how the electronic search condition is reasonably related to defendant's robbery conviction and remanding given the absence of an adequate explanation for its imposition).

**Financial Information Condition**

Finally, Jimenez challenges the condition of supervision requiring him to provide the probation department with "access to any and all requested financial information," App'x at 89, given that the court provided no explanation and that there was no apparent basis in the record for

---

[2]  The special condition reads: "You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement.   The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised.   Failure to submit to a search may be grounds for revocation of release.   You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner."

this condition.  Jimenez also argues that the financial information condition is unconstitutionally vague and overbroad.  Because Jimenez's offense conduct and personal history includes turning to drug dealing to make money, it is self-evident from the record that the ability to review Jimenez's personal finances reasonably relates to the important interest of protecting the public and deterring recidivism.  *See United States v. Brown*, 402 F.3d 133, 137 (2d Cir. 2005) (holding that a financial information condition is permissible where the supervisee has a history of making money through illegal conduct).  Nor is the financial information condition impermissibly vague. The condition is "sufficiently clear to inform [Jimenez] of what conduct will result in his being returned to prison," *United States v. MacMillen*, 544 F.3d 71, 76 (2d Cir. 2008) (quoting *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003)), as it requires him to provide the probation department only "requested" financial information.  Accordingly, we conclude that the district court did not err in imposing the financial information disclosure condition.

*       *       *

For the reasons set forth above, we instruct the district court to determine whether each of the special conditions that were imposed without specific justification is reasonably related to the factors set forth in the Sentencing Guidelines § 5D1.3(b) and, if so, to explain the reasons for imposing the condition.  We therefore **AFFIRM** the judgment in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8