23-7622-cr
*United States of America v. Morrishow*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
>     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                      23-7622-cr

ANTON MORRISHOW, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:                    DANIEL HABIB, Federal Defenders of

New York, New York, NY.

FOR APPELLEE:  TIMOTHY LY (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 25, 2023, is **VACATED IN PART,** the case is **REMANDED** for further proceedings consistent with this order, and the appeal is **DISMISSED** in part.

Defendant-Appellant Anton Morrishow ("Morrishow") appeals from the district court's October 25, 2023, judgment of conviction following his guilty plea to one count of possession of ammunition following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Morrishow to forty-four months' imprisonment and three years of supervised release with special conditions.

On appeal, Morrishow contends that the district court erred in imposing two special conditions of supervised release. We agree in part. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

2

## BACKGROUND

On February 20, 2022, Morrishow and two others drove past an apartment building in Yonkers, New York. They planned to rob an occupant—who sold marijuana through a streetside window—and were assessing the scene. Before entering the apartment building, Morrishow quickly glanced at his cell phone for approximately two seconds. Thereafter, one of the others approached the basement apartment's window, brandishing a firearm and demanding that the person inside open the door. Simultaneously, Morrishow approached the apartment's front door and fired a single shot into the apartment. The person inside was not struck.

On October 28, 2022, Morrishow was arrested. He waived indictment and pleaded guilty to possession of ammunition following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). Morrishow was sentenced on October 25, 2023. After discussing, *inter alia*, his three previous robbery convictions, his sporadic employment history, and the nature and characteristics of the instant offense, the district court imposed a sentence of forty-four months' imprisonment to be followed by three years of supervised release. Relevant here, the district court also imposed two special conditions of supervised release:

> [1] You shall submit your person and any property, residence, vehicle, papers, effects, *computers, other electronic communication or data storage devices, cloud storage or media* to search by a probation officer with the assistance of law enforcement, if needed. The search is to be conducted upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant. Failure to submit to search may [] be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this

3

condition. Any search must be conducted at a reasonable time and in a reasonable manner;

. . .

[2] If you are not employed and have not been excused from employment, *you must complete 20 hours of community service per week* in a program approved by a probation officer, and provide the probation officer each week with written verification of community service hours.

App'x 119–20 (emphasis added). Morrishow appeals only the imposition of the two special conditions.

## DISCUSSION

"A district court retains wide latitude in imposing conditions of supervised release, and this Court generally reviews the imposition of such conditions for abuse of discretion." *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020) (internal quotation marks omitted). But where, as here, "the defendant had advance notice of the challenged condition and failed to object during sentencing," we review for plain error. *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (per curiam). To satisfy plain error review, an appellant must demonstrate that "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights . . .'; and (4) 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Although "courts have considerable discretion to impose special conditions as they see fit," that discretion is limited by 18 U.S.C. § 3583(d) and the United States

4

Sentencing Guidelines, U.S.S.G. § 5D1.3(b). *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024). Under both § 3583(d) and U.S.S.G. § 5D1.3(b), a special condition must be reasonably related to the following factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D):

> (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

U.S.S.G. § 5D1.3(b)(1). "A special condition need not reasonably relate specifically to any particular § 3553(a) factor, including the offense conduct, so long as there is a sufficient relationship between the special condition and at least one of the other factors." *Sims*, 92 F.4th at 124. Moreover, the imposition of a special condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to implement the statutory purposes of sentencing. 18 U.S.C. § 3583(d)(2).

Should the district court elect to assess a special condition of supervised release, it is "required to make an individualized assessment" and "state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018); *Sims*, 92 F.4th at 123 ("In other words, the court is required to make findings specific to the defendant, connecting those findings to the applicable § 3553(a) factors that would justify including the special condition in this case."). "If the court fails to provide

an explanation, we may uphold the special condition only if the court's reasoning is self-evident in the record." *Sims*, 92 F.4th at 124 (internal quotations omitted).

## I. Electronic Search Condition

Morrishow contends, *inter alia*, that the district court plainly erred by imposing a special condition permitting the search of his computers, electronic communications, and personal data upon reasonable suspicion of any unlawful conduct or violation of supervised release. Specifically, Morrishow argues that the district court "failed to make an individualized assessment, based on findings specific to Morrishow drawn from the record" that a "reasonable relationship" existed between the electronic search condition and the relevant § 3553(a) factors. Appellant's Br. at 21 (internal quotation marks omitted). Moreover, Morrishow avers that the relationship between the electronic search condition and the § 3553(a) factors is not self-evident from the record. We agree.

At sentencing, the district court did not explain its reasoning for imposing the electronic search condition, nor is any justification for doing so self-evident. There is scant evidence in the record indicating that the instant offense or any of Morrishow's prior offenses involved the use of electronics.[1] Nor does the record indicate how the electronic search condition deters criminal conduct or protects the public from further

---

[1] We are unconvinced by the Government's argument that Morrishow's two-second-long glance at his cellphone prior to entering the apartment building means that Morrishow "likely used" his cellphone in connection with his commission of the offense. Government's Br. at 26 n.8. The Government concedes that "it is unknown what Morrishow did on his cellphone when he pulled it out of his pocket." *Id.*

criminal activity. On remand, the district court should explain how the imposition of the electronic search condition reasonably relates to the § 3553(a) factors described above.[2] *See United States v. Jimenez*, No. 22-1022-CR, 2024 WL 1152535, at *3 (2d Cir. Mar. 18, 2024) (summary order) (vacating identical electronic search condition where "the district court provided no explanation" for its imposition); *United States v. Griffin*, 839 F. App'x 660, 661 (2d Cir. 2021) (summary order) (vacating electronic search condition because, as the government there conceded, "no adequate explanation was given").

## II.    Community Service Condition

Like with the electronic search condition, Morrishow argues that the district court failed to justify its imposition of the community service condition and that its reasons for imposing the condition are not self-evident from the record. Morrishow also argues that if he is not employed and has not been excused from employment, this condition will require him to complete twenty hours of community service per week for the duration of his three-year term of supervised release. To Morrishow, this condition could therefore "require as many as 3,120 hours of service over the three-year term of supervision [which] runs afoul," Appellant's Br. at 31, of our precedent that district courts "should generally refrain from imposing more than a total of 400 hours of community

---

[2] Because an electronic search condition implicates a cognizable liberty interest, the district court should also ensure on remand that, if imposed again, the condition is "supported by particularized findings [such] that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." *Sims*, 92 F.4th at 125 (internal quotation marks omitted).

7

service as a condition of supervised release," *United States v. Parkins*, 935 F.3d 63, 64 (2d Cir. 2019).

However, "[t]he ripeness doctrine prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." *Birkedahl*, 973 F.3d at 55 (citation omitted). Here, the contingent nature of the community service condition means that this challenge is not ripe for review. *See id.* The district court ordered as a standard condition of supervised release that Morrishow "must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses [him] from doing so." App'x 126. The community service condition supplements this standard condition by instructing Morrishow that should he be unemployed without excusal, he must engage in twenty hours of community service per week. Whether Morrishow will ever have to engage in community service is therefore contingent on whether he obtains or is excused from employment—put differently, he may never have to serve community service, let alone more than 400 hours cumulatively. Of course, Morrishow is free to return to the district court to request a modification of this condition should it become burdensome.

*See United States v. Traficante*, 966 F.3d 99, 107 (2d Cir. 2020). Accordingly, this argument

is not yet ripe, and we decline to consider it.[3]

*    *    *

For the reasons set forth above, we **VACATE** the electronic search condition,

**REMAND** for further proceedings consistent with this order, and **DISMISS** the appeal

as it pertains to the community service condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Although we do not consider the argument here, the record contains some material that could reasonably relate to the court's decision to mandate community service as an alternative to employment. For example, the district court highlighted Morrishow's previous criminal history when explaining that "Mr. Morrishow has basically been making his living as a robber," and acknowledged Morrishow's sporadic employment history, which was caused, "in part, because he's been in and out of custody." App'x 115. Thus, while we do not reach the merits of this claim, the district court may, on remand, wish to make clear its rationale for imposing the community service condition recommended by Probation.