# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2232
_____

United States of America

*Plaintiff - Appellee*

v.

Denny Hinkeldey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: November 13, 2024
Filed: December 24, 2024
[Published]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Denny Hinkeldey appeals after the district court modified the terms of his supervised release. His counsel has moved to withdraw and has filed a brief challenging the imposition of a polygraph examination requirement.

Upon careful review, we conclude that the district court did not abuse its discretion by imposing the polygraph test requirement, as the record indicated that Hinkeldey had a history of untruthfulness and conduct which suggested a risk he would re-offend. See United States v. Sanchez, 44 F.4th 1100, 1103-05 (8th Cir. 2022) (imposition of special condition of supervised release is reviewed for abuse of discretion; rejecting challenge to a nearly identical polygraph requirement where offender had engaged in conduct that showed a risk of future offenses).

We note, however, that the court also imposed a special condition of supervised release requiring Hinkeldey to obtain full-time employment, or to perform up to 20 hours of community service per week in lieu of employment until employed. While conditions requiring a defendant on supervision to be gainfully employed or to work community service hours are permitted, see 18 U.S.C. § 3563(b)(4), (b)(12), the Guidelines commentary recommends that community service generally should not be imposed in excess of 400 hours, see U.S.S.G. § 5F1.3, comment. (n.1). Under this special condition, Hinkeldey could potentially be required to perform 20 hours of community service per week for the remainder of his 5-year term of supervised release (approximately 5,000 hours), well over the 400-hour limit suggested by the Guidelines. Without any justification for the excess hours, we conclude that the district court plainly erred in imposing the condition without a cap on the number of hours. See United States v. Carlson, 406 F.3d 529, 531 (8th Cir. 2005) (review of special condition of supervised release is for plain error when defendant fails to object); cf. United States v. Parkins, 935 F.3d 63, 68 (2d Cir. 2019) (in light of general proscription of more than 400 hours of community service and court's inadequate, individualized justification for higher amount, imposition of 695 hours of community service was an abuse of discretion); United States v. Ortiz, 817 F.3d 553, 555-56 (7th Cir. 2016) (vacating condition requiring 20 hours of community service per week until employed, to maximum of 200 hours, as condition might eat significantly into job hunting). We therefore modify the condition to require reconsideration if and when Hinkeldey reaches 400 total hours of community service.

We trust the United States Probation Office will work with Hinkeldey to monitor the number of his community service hours and will keep the district court informed as necessary.

Accordingly, we grant counsel's motion to withdraw, affirm in part, and modify the community service requirement in accordance with this opinion.

_____