# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2852
_____

United States of America

*Plaintiff - Appellee*

v.

Carlos Danacio Traywick

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: June 3, 2025
Filed: June 12, 2025
[Published]
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Carlos Danacio Traywick conditionally pleaded guilty to drug and firearm charges after the district court[1] denied his motion to suppress evidence seized from

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa, accepting the Report and Recommendation of United States Magistrate Judge Mark A. Roberts.

his vehicle and person at a traffic stop. He appeals, arguing the officers lacked probable cause to search his vehicle or person. Appointed counsel has filed a merits brief pursuant to Anders v. California, 386 U.S. 738 (1967), and a Motion to Withdraw as Counsel for Appellant, stating the Anders brief "refer[s] to anything in the record that might arguably support the appeal." Id. at 744. Mr. Traywick was offered an opportunity to file a *pro se* supplemental brief but has not done so.

The Suppression Issue. The traffic stop occurred on July 16, 2022, after County Deputy Aaron Haas observed a vehicle operating without functioning license plate lights. Haas approached the vehicle, asked for Traywick's license, registration, and insurance, and returned to his patrol vehicle with this information. At the suppression hearing, Haas testified that he smelled marijuana coming from the vehicle and called for backup to conduct a vehicle search.

Deputy Holbach arrived a few minutes later. Haas returned to the vehicle. Traywick exited the vehicle as requested. He denied there was marijuana in the vehicle. Haas asked where the odor could be coming from. Traywick replied he recently lent the vehicle to someone. He denied consent to search his person. While standing next to Traywick, Holbach testified he could see the corner of a plastic bag in Traywick's left pocket, which was full and hanging open. Holbach asked Traywick to produce what was in the pocket. Traywick pulled out a bag containing a white powdery substance that Traywick admitted was methamphetamine. He also produced two bags of a leafy green substance suspected to be marijuana. Haas started to search Traywick's pockets. Traywick attempted to flee but was arrested and put in the patrol vehicle. A vehicle search yielded a backpack that contained a loaded handgun and drug paraphernalia and plastic bags containing suspected narcotics.

Traywick's suppression motion conceded the stop was lawful but argued the searches were unlawful. He denied Haas smelled marijuana prior to searching his person because Haas did not mention the smell of marijuana in their initial contact or

when he called for backup. The magistrate judge, commenting that the issue "hinges on the odor of marijuana," recommended that the court "believe Deputy Haas" and deny the motion to suppress because the odor gave the officers probable cause to search the vehicle under United States v. Williams, 955 F.3d 734, 737 (8th Cir. 2020), and the subsequent searches were justified -- the search of Traywick's person when Deputy Holbach saw marijuana in plain view in Traywick's pocket became a search incident to arrest when Traywick produced a baggie of methamphetamine. The district court adopted the findings that Deputy Haas was credible in testifying he smelled marijuana and reasonably waited to tell Traywick what he smelled for safety purposes and the risk of contraband destruction, and Deputy Holbach credibly testified regarding what he could see in Traywick's pocket.

On appeal, Traywick argues the government failed to show probable cause to conduct the warrantless searches because Deputy Haas's testimony that he immediately smelled marijuana "makes little sense considering the timeline of events" and because "Traywick's pocket was not in plain view" of Deputy Holbach. Traywick's Anders merits brief properly concedes that the district court's credibility determinations are "virtually unassailable on appeal." United States v. Williams, 39 F.4th 1034, 1041 (8th Cir. 2022). After careful review, we conclude the district court's findings that the testimony of Deputy Haas and Deputy Holbach were credible are not clearly erroneous. Accordingly, we affirm the denial of Traywick's motion to suppress.

The Motion To Withdraw. Appointed counsel's Motion to Withdraw states that the Anders brief refers to anything in the record that might arguably support the appeal. The Supreme Court has spelled out our task in determining this motion:

> To satisfy federal constitutional concerns, an appellate court faces two interrelated tasks as it rules on counsel's motion to withdraw. First, it must satisfy itself that the attorney has provided the client with a diligent

and thorough search of the record for any arguable claim that might support the client's appeal. Second, it must determine whether counsel has correctly concluded that the appeal is frivolous.

Penson v. Ohio, 488 U.S. 75, 83 (1988) (quotation omitted). In this case, we answer the first question positively. We are satisfied that counsel's Anders brief reflects a diligent and thorough search of the factual and procedural record relating to the denial of Traywick's motion to suppress, the only issue reserved for appeal in his conditional guilty plea. It is the second issue that gives us cause for concern.

The district court, varying downward, sentenced Traywick to 60 months imprisonment followed by four years of supervised release. The court imposed, without objection, the fifth special condition of supervised release recommended in the Pretrial Sentencing Report, which provides in relevant part:

> In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.

Section 5F1.3 of the advisory guidelines provides that community service "maybe ordered as a condition of . . . supervised release." The commentary to this guideline states that community service "generally should not be imposed in excess of 400 hours," noting that "[l]onger terms of community service impose heavy administrative burdens." USSG 5F1.3, comment. (n.1). While this appeal was pending, we held "that the district court plainly erred in imposing [a 20-hours-per week] condition without a cap on the number of hours." United States v. Hinkeldey, 124 F.4th 1093, 1094 (8th Cir. 2024), citing United States v. Carlson, 406 F.3d 529, 531 (8th Cir. 2005) (review of special condition of supervised release is for plain error when defendant fails to object). We granted counsel's motion to withdraw and

modified the community service condition "to require reconsideration if and when Hinkeldey reaches 400 total hours of community service." Id.

Hinkeldey reviewed and modified the community service special condition imposed in a supervised release revocation sentence, after the defendant had served his prison term and commenced supervised release. By contrast, this is a direct appeal. Traywick has not served his term of imprisonment, and the obligation that he secure employment while on supervised release may be years away. That is the situation in an appeal presently pending before our court, United States v. Mejia, No. 24-3380, where one of the issues defendant raises on appeal is whether the district court committed plain error under Hinkeldey by imposing a community service special condition that can exceed 400 total hours, and the government responds that the issue is unripe and speculative because the defendant is not eligible for release until 2046, and the specific special condition in that case is not unreasonable.

We conclude that our intervening plain error decision in Hinkeldey casts doubt on counsel's conclusion that the Anders brief addresses everything in the record that might arguably support the appeal and the appeal is therefore frivolous, as Penson requires us to determine. Accordingly, we deny the motion to withdraw without prejudice and direct the parties to submit briefs addressing the plain error validity of community service special condition 5 and the associated ripeness issue. See United States v. Parkins, 935 F.3d 63 (2d Cir. 2019).

_____